D. R. GASS, adm'r, v. REUBEN ARNOLD *et al.*

CHANCERY PRACTICE. *Answer. Effect of when not responsive.* A statement in his answer by a surety sought to be made liable for the debt of his principal, that he notified complainant's intestate, as the owner thereof, to sue said principal at a time when he was solvent, but which he failed to do, is a good defense, but not available as such without evidence to support it. The statement to this effect in his answer is not evidence because not responsive to any charge in the bill.

FROM GREENE.

Appeal from a decree of the Chancery Court at Greeneville, rendered at its November term, 1872. Hon. H. C. SMITH presiding.

A. B. WILSON for complainant.

FELIX A. REEVE for respondent.

NICHOLSON, C. J., delivered the opinion of the court.

On the 24th of March, 1860, Reuben Arnold executed a note for $104 to James Dunwoody as surety for Joseph Albright. On the 7th of January, 1867, Dunwoody sued Albright and obtained judgment, Arnold not being sued because he was a non-resident. After execution was issued on the judgment and was returned *nulla bona,* complainant, who is administrator of Dunwoody, on the 3d of October, 1870, vacated said judgment, paid the costs, and now files his attachment bill against Reuben Arnold, the security, and

attaches his interest in the real estate of Thomas D. Arnold, deceased.

Arnold answered, admitting the execution of the note, but insisting that he is discharged because he notified Dunwoody, about three months after the note was made, to bring suit against Albright, who was then able to pay, and because, about 1866 or 1867, Dunwoody stated to defendant that he did not expect to look to him for payment.

The Chancellor dismissed the bill, and complainant has appealed.

Defendant states a good defense in his answer, which is under oath, but this defense is not stated in response to the bill in such way as to make it evidence. He admits the execution of the note as surety, but says he is released because he notified Dunwoody to sue Albright when the money could have been made. But there is no evidence sustaining this statement, and as it is not responsive to any charge in the bill, it cannot be available as a defense.

Decree reversed with costs.